J-S40035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EYADE KOMADEGA KOUBIDINA | |
| Appellant | No. 2273 MDA 2013 |

Appeal from the Judgment of Sentence July  15, 2013
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006183-2011

BEFORE:  BENDER, P.J.E., BOWES, J. and PANELLA, J.

MEMORANDUM BY PANELLA, J.:                    **FILED AUGUST 28, 2014**

Appellant, Eyade Komadega Koubidina, appeals from the judgment of sentence entered on July 15, 2013, in the Court of Common Pleas of York County. After careful review, we affirm.

On July 10, 2011, at approximately 5:00 PM, the victim, eleven-year-old, A.D., walked to her friends' house for a visit. **See** N.T., Trial, 4/1/13, at 131-132. A.D. knocked on the door and Koubidina, her friends' father, answered. **See id**. Koubidina told A.D. that "the kids [weren't] there" and permitted A.D. to wait for her friends in the living room. **Id**. A.D. occupied the time by playing a video game while Koubidina was on the computer. **See id**., at 133. According to A.D., Koubidina then "told [her] to follow him upstairs" and she obliged. **Id**., at 133-134.

Koubidina took A.D. into his bedroom and "told [her] to sit on the bed." *Id*., at 135. A.D. recalled that she was wearing a strapless dress that day and once she sat down on the bed, Koubidina "tapped [her] on [her] shoulder to lay down." *Id*. A.D. laid back on the bed and Koubidina was standing "in front of [her]" after which he "lifted [A.D.'s] dress up and pulled [her] underwear down." *Id*., at 136. A.D. testified that Koubidina pulled her underwear "down to [her] knees" and "licked [her] crotch." *Id*. According to A.D., Koubidina "used his fingers" to "spread the lips of [her] crotch to the side so he [could] lick [her] crotch" with his tongue. *Id*., at 137. A.D. stated that this went on for "like two to three minutes" until Koubidina stopped. *Id*., at 138. A.D. then "got up and … pulled [her] dress down and [her] underwear up." *Id*. A.D. testified that Koubidina then "told [her] not to tell anyone" and hugged her after which the two walked back downstairs *Id*. Koubidina's wife arrived home with the children shortly thereafter; however, A.D. "had to go home to eat supper." *Id*., at 139.

About an hour later, while walking to the grocery store with her seventeen-year-old cousin, Jeremy McDonald and her younger brother, A.D. told them what had transpired earlier that evening at Koubidina's house. *See id*., at 139-140. When they arrived home, Jeremy McDonald told A.D.'s mother. *See id*., at 178. A.D.'s mother spoke to A.D. about what happened after which they "went down to [Koubidina's] house to confront him." *Id*., at 185. Koubidina denied any wrongdoing. *See id*. A.D.'s mother then transported A.D. to York Hospital "to have her examined." *Id*., at 186. In

the emergency department at the hospital, Natalie Billings, the Sexual Assault Forensic Examiner (SAFE) nurse practitioner examined A.D. *See id*., at 193. The SAFE nurse collected A.D.'s underwear and conducted a vaginal swab for DNA. *See id*., at 198-200. Officer Mike Mendez of the West York Police Department was dispatched to York Hospital for a report of a sexual assault victim. *See id*., at 215. Officer Mendez spoke with the SAFE nurse and sent the rape kit to the Pennsylvania State Police Crime Lab for analysis. *See id*., at 216. A.D. was interviewed at the Children's Advocacy Center. *See id*. The DNA forensic examiner testified that the sample "from the crotch area" of A.D.'s underwear indicated that they are "male DNA." *Id*., at 234-235. The "Y-STR analysis" DNA profile "match[ed] [the] referenced sample from [Koubidina]." *Id*., at 236.

Koubidina was subsequently charged with one count of aggravated indecent assault, involuntary deviate sexual intercourse (IDSI), indecent assault, corruption of minors and unlawful contact with minor (sexual offenses). Following a jury trial on April 1, 2013, Koubidina was found guilty on all counts. Thereafter, on July 15, 2013, the trial court sentenced Koubidina to the mandatory sentence of 10-20 years' imprisonment for the IDSI. Counts 1 and 3 merged with the IDSI for sentencing purposes. Additionally, the trial court imposed a concurrent period of seven years' probation on Count 4, corruption of minors. Post-sentence motions were filed and subsequently denied. This timely appeal followed.

On appeal, Koubidina raises the following issue for our review:

1. Whether the trial court abused its discretion in permitting testimony of prior consistent statements by the victim for purposes of rehabilitation pursuant to Pa.R.E. 613 when such statements were not used to rebut a claim of recent fabrication, but instead to improperly bolster the victim's contradictory trial testimony?

Appellant's Brief, at 4.

Koubidina's issue raises an evidentiary challenge. It is well-settled that

[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only where the court clearly abused that discretion. Proper judicial discretion conforms to the law and is based on facts and circumstances before the court. An abuse of discretion is not a mere error of judgment but, rather, involves partiality, prejudice, bias, ill-will, or manifest unreasonableness.

*Commonwealth v. Hardy*, 918 A.2d 766, 776 (Pa. Super. 2007) (citations omitted).

In pertinent part, Pa.R.E. 613 provides:

**(c) Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:

(1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or

(2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness' denial or explanation.

Pa.R.E. 613(c)(1)-(2).

"[U]nder Pa.R.E. 613(c), a prior consistent statement is always received for *rehabilitation* purposes only and not as substantive evidence."

Pa.R.E. 613, *Comment* (emphasis added). "In addition, [Pa.R.E. 613] specifically provides in subsection (c)(1) that the consistent statement must have been made *before* the fabrication, bias, etc." ***Id***. (emphasis supplied).

> Because [prior consistent] statements are hearsay, their use as a means to rehabilitate the credibility of an impeached witness' testimony is severely limited; and such statements are admissible only if it is alleged that the witness' present testimony is recently fabricated or a result of corrupt motives. Furthermore, evidence of such statements is admissible only in rebuttal and then only for the purpose of showing that that which the witness now testifies to has not been recently fabricated. As a further restriction upon admissibility the statement must have been made at a time before its ultimate effect on the question trying could have been foreseen. In more recent times this court has interpreted this caveat to mean before any corrupt motive has arisen.

> If one testifies that they did a certain thing at a given time, they may be challenged that they said something different before. Such is impeachment by prior contradictory statement. Ordinarily, that one has always said the same thing is subsumed in their testimony and need not be buttressed by evidence of prior consistency, unless that consistency, by allegation of recent fabrication is challenged. When challenged, evidence of prior and continued consistency may be offered. Evidence of prior consistency, absent such challenge is not required and is essentially cumulative and repetitious. To regularly allow testimony of prior consistency may easily become a device to merely augment the credibility of witnesses by others.

***Commonwealth v. Hutchinson***, 556 A.2d 370, 372 (Pa. 1980) (citations and internal quotation marks omitted).

At the time of trial, at the conclusion of Commonwealth witness Jeremy McDonald's testimony, counsel for Koubidina lodged an objection

under Pa.R.E. 613 on the record. The following exchange took place at sidebar:

> ATTORNEY KOPE: I was just going to ask to approach. I am just going to lodge an objection under Rule 613 of the Rules of Evidence that is for prior consistent statements. I think this is just getting to the point it is just bolstering.

> THE COURT: If that is what the evidence is going to be, this is the first evidence that would be - - well, this would be the second evidence of it.

> ATTORNEY KOPE: Okay. And then the other.

> THE COURT: So why is it objectionable?

> ATTORNEY KOPE: Under Rule 613 you are usually not allowed to bring a prior –

> THE COURT: One moment. Okay, what is the problem?

> ATTORNEY KOPE: Rule 613 typically doesn't allow prior consistent statements to corroborate the victim's statement unless, of course, we are charging her with fabrication?

> THE COURT: That is what we are charging, isn't it? We have the defense of fabrication.

> ATTORNEY KOPE: We are conceding that.

> THE COURT: What are you conceding? You have not conceding [sic] anything.

> ATTORNEY KOPE: We are attacking her fabrication.

> THE COURT: You are claiming that she fabricated this story?

> ATTORNEY KOPE: Yes.

> THE COURT: So I would think that a prior consistent statement corroborating her story would be particularly important and relevant.

> ATTORNEY KOPE: We agree it is just the number of them to a point we think it becomes bolstering after putting on some.

THE COURT: Do you have theory for opposition that more than one corroboration of a prior –

ATTORNEY KOPE: I have no legal authority.

THE COURT: Okay. Overruled.

N.T., Jury Trial, 4/1/13, at 180-181.

While Koubidina raised an objection under Pa.R.E. 613, Rule 613 is inapplicable here. As noted, Rule 613 is used for rehabilitation purposes *only*, not as substantive evidence. It is evident from the notes of testimony that the Commonwealth was not seeking to introduce evidence of A.D.'s prior consistent statements to *rebut* an express or implied charge of fabrication in an effort to rehabilitate the credibility of A.D. after impeachment.

Rather, it appears as if Koubidina is actually challenging the presentation of cumulative evidence by the Commonwealth regarding statements made by A.D. to her cousin, Jeremy McDonald and her mother, Tammy Dunn. From the sidebar conference, it is clear that Koubidina is seeking to preclude the Commonwealth witness testimony, which he claims improperly bolsters the victim's testimony. **See id**., at 181. This is plainly not a Rule 613 issue, but an evidentiary challenge pursuant to Rule 403.[1]

_____

[1] **Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

*(Footnote Continued Next Page)*

Koubinda, however, never objected on this basis. As our Supreme Court explained in ***Commonwealth v. Baumhammers***, 960 A.2d 59 (Pa. 2008):

> [I]t is axiomatic that issues are preserved when objections are made timely to the error or offense. ***See Commonwealth v. May***, 887 A.2d 750, 781 (Pa. 2005) (holding that an "absence of contemporaneous objections renders" an appellant's claims waived); and ***Commonwealth v. Bruce***, 916 A.2d 657, 671 (Pa. Super. 2007), ***appeal denied***, 932 A.2d 74 (Pa. 2007) (holding that a "failure to offer a timely and specific objection results in waiver of" the claim).

***Id***., at 73. There is nothing in the record to indicate Koubidina asserted an allegation of error under Pa.R.E. 403. As such, we are constrained to find any issue related to the presentation of cumulative evidence waived.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014

*(Footnote Continued)* ──────────────

delay, wasting time, or needlessly presenting cumulative evidence.

Pa.R.E. 403.